| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |
| OAKLAND DIVISION | |

| | |
|---|---|
| SKANDAPRIYA GANESAN,<br><br>    Plaintiff,<br><br>vs.<br><br>GMAC MORTGAGE, LLC; ETS SERVICES, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AKA MERS, WELLS FARGO BANK, N.A., AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-10; AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>    Defendants. | Case No:  C 11-0046 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Dkt. 21 |

    Plaintiff Skandapriya Ganesan commenced the instant mortgage fraud action in state court against GMAC Mortgage, LLC ("GMAC Mortgage"), ETS Services, LLC ("ETS"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Wells Fargo Bank, N.A. ("Wells Fargo").  Defendants removed the action on the basis of diversity jurisdiction. 28 U.S.C. § 1332. The parties are presently before the Court on Plaintiff's motion to remand and an award of fees and costs.  Dkt. 21.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion to remand and DENIES the request for fees and costs.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

On December 14, 2010, Plaintiff, a California resident, filed the instant action against Defendants in Alameda County Superior Court. Notice of Removal, Ex. A (Compl.), Dkt. 1. The Complaint alleges various state law causes of action predicated upon Defendants' allegedly improper attempt to foreclose on her home in Pleasanton, California. On January 5, 2010, Defendants filed a Notice of Removal based on diversity jurisdiction. With respect to Defendant MERS, the Notice of Removal alleges as follows:

> Mortgage Electronic Registration Systems, Inc. ("MERS") is not, and at the time Plaintiff filed her Complaint, was not, a citizen of the State of California, but of the State of Delaware, where MERS was and is organized as a corporation, and the State of Virginia, where MERS had and has its principal place of business. MERS is not a citizen of the State of California.

Compl. ¶ 5d. Defendants also assert that GMAC Mortgage, ETS and Wells Fargo are not citizens of California. Id. ¶ 5b, 5c, 5e. Plaintiff now moves for remand and for an award of fees and costs on the ground that Defendants have failed to establish the requirements for diversity jurisdiction.

## II. LEGAL STANDARD

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas, 553 F.3d at 1244 (internal quotation marks and citation omitted). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### III. DISCUSSION

#### A. REMAND

An action may be removed on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332. Under § 1332, district courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). A case is "not removable" on the basis of diversity jurisdiction unless the requisite jurisdictional facts are apparent from the face of the complaint. Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) (holding that removability is determined from "the four corners of the applicable pleadings").

Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Complete diversity" means that all plaintiffs must have citizenship different than all defendants. See Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1095 (9th Cir. 2004). A corporation is a citizen of both the state in which it was incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). A corporation's principal place of business is its "nerve center" or "place where [the] corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, — U.S. —, 130 S.Ct. 1181, 1186 (2010).

Here, Defendants allege in their Notice of Removal that "the State of Virginia [is] where MERS had and has its principal place of business." Notice of Removal ¶ 5d.[1] Plaintiff argues that under the "nerve center" test adopted in Hertz, California should be considered MERS' principal place of business based on its substantial involvement in foreclosures in California and the fact that its agent for service of process is located in this State. Pl.'s Mot. at 16, Dkt. 21. In response, Defendants counter that Plaintiff "provides no

---

[1] The Complaint alleges that MERS is a Delaware corporation and that it conducts business in California, but does not allege any facts regarding its principal place of business. Compl. ¶ 10.

evidence" to refute the allegation in their Notice of Removal that Virginia is MERS' principal place of business.  Defs.' Opp'n at 7, Dkt. 27.

The flaw in Defendants' position is that it ignores that the removing party bears the burden of demonstrating the presence of removal jurisdiction.  See Hertz, 130 S.Ct. at 1195 ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it."); Gaus, 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").  When jurisdiction is challenged, the party asserting federal jurisdiction must present "competent proof" to substantiate its jurisdictional allegations.   Hertz, 130 S.Ct. at 1195; see, e.g., Webb Equip. Co., Inc. v. Auto Owners Ins. Co., Inc., No. C10-5138 RBL, 2010 WL 1576731, at *4 (W.D. Wash. April 20, 2010) ("Defendant['s] … mere assertion that its principal place of business is Michigan is insufficient to meet the 'nerve center' test as adopted by the Supreme Court.").

Here, Defendants' bare allegation in its Notice of Removal that Virginia is MERS' principal place of business is not evidence.  See Mohamed v. Jeppesen Dataplan, Inc., 614 F.3d 1070, 1099 n.12 (9th Cir. 2010) ("pleadings are not considered evidence.").  As the removing parties, Defendants have the burden of justifying their removal by showing that, under the nerve center test, Virginia qualifies as MERS' principal place of business. Indeed, given that MERS is one of the removing Defendants and is among the parties jointly opposing Plaintiff's motion to remand, Defendants easily could have gathered and proffered such evidence.  Having failed to do so, and given the presumption against removal, the Court finds that remand is appropriate.[2]

### B.    ATTORNEYS' FEES AND COSTS

Where a case is improperly removed, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Court has "wide discretion" under § 1447(c).  Moore v. Permanente

---

[2] Given the conclusion that MERS is not diverse from Plaintiff, the Court does not reach the parties' arguments regarding the citizenship of the remaining defendants.

1  Medical Group, Inc., 981 F.2d 443, 447 (9th Cir.1992).  However, "[a]bsent unusual
2  circumstances, courts may award attorney's fees under § 1447(c) only where the removing
3  party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin
4  Capital Corp., 546 U.S. 132, 141 (2005).  Here, Defendants had an objectively reasonable
5  basis for removing the action based on diversity jurisdiction.  That Defendants ultimately
6  failed to carry their burden of establishing removal jurisdiction does not render the removal
7  objectively unreasonable.   Plaintiff's request for fees and costs is therefore denied.

## IV.  CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's motion to remand is GRANTED. Plaintiff's request for fees and costs is DENIED.  The instant action is REMANDED to the Alameda County Superior Court.  The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated:  April 20, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge